# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-7027**

**September Term, 2024**

**1:21-cv-02593-TJK**

**Filed On:** October 15, 2024

Stephen Farina,

       Appellant

   v.

Dale Edwin Sanders,

       Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Circuit Rule 34(j). Upon consideration of the foregoing and the court's order to show cause filed June 17, 2024, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order entered on February 28, 2023, granting judgment on the pleadings in favor of appellee, be vacated and the case be remanded for further proceedings.

The district court erred by sua sponte construing appellee's April 2022 motion to dismiss, together with his May 2022 motion to amend the motion to dismiss, as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). A Rule 12(c) motion may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). In this case, however, the pleadings had not closed at the time that appellee filed his April 2022 or May 2022 motions, and they did not close prior to the district court's entry of judgment. Furthermore, the district court granted judgment on the pleadings as to one claim – for false light invasion of privacy – based on the application of Virginia law, but appellee's motion did not argue that Virginia law rather than District of Columbia law applied. And another claim as to which the district court granted judgment on the pleadings – for conspiracy – was not addressed in appellee's pleadings at all.

**No. 23-7027**                                           **September Term, 2024**

On April 18, 2024, after appellant had raised these issues in his brief, this court issued an order directing appellee to enter an appearance and file a brief.  The order stated: "While not otherwise limited, appellee is directed to address in his brief whether the district court permissibly construed his motion to amend his second motion to dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and whether the district court correctly concluded that Virginia law governed appellant's malicious-prosecution and false-light-invasion-of-privacy claims." Appellee, however, has not entered an appearance or filed a brief.

On June 17, 2024, this court further ordered appellee to "show cause within 30 days of the date of this order why the district court decision entered on February 28, 2023, should not be vacated, and the case remanded for further proceedings." Appellee, however, has not filed a response to the order to show cause.

In light of the district court's errors, which appellee has failed to dispute, we vacate and remand.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk